UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-cv-81559-BLOOM
Bankr. Case No. 15-21654-EPK

FREDERICK J. KEITEL, III,

    Appellant,

v.

TRUSTEE RICHARD WEBBER,

    Appellee.

_____/

## ORDER ON MOTION TO RE-OPEN AND REINSTATE, AND VACATE ORDER OF DISMISSAL

**THIS CAUSE** is before the Court upon the Motion to Re-Open and Reinstate Case No. 18-cv-81559 and Vacate Order of Dismissal Without Pre[j]u[d]ice pursuant to Fed. R. Civ. P. Rule 60 and 9023, ECF No. [7] ("Motion"), filed by *pro se* Appellant Frederick J. Keitel, III ("Appellant"). Appellant commenced this proceeding on November 14, 2018, seeking review of six interlocutory orders issued by the Bankruptcy Court. *See* ECF No. [1]. On November 19, 2018, the Court issued an Order to Show Cause, ECF No. [5] ("Order to Show Cause"), as to why the appeal should not be dismissed for failure to pay a filing fee and/or failure to seek leave to file an interlocutory appeal. When Appellant failed to file a timely response, the Court entered an order dismissing the instant case without prejudice. *See* ECF No. [6] ("Order"). In the Motion, Appellant requests that the Court vacate the Order and re-open this case to allow him to file a response to the Order to Show Cause.[1] For the reasons set forth below, Appellant's Motion is granted in part.

---

[1] Appellant also requests that the Court correct Appellee's name in the case caption and consolidate this case with four others currently pending before Judge Rosenberg.

Pursuant to Rule 60, the Court may grant relief from a judgment or order based upon "mistake, inadvertence, surprise, or excusable neglect; . . . or any other reason that justifies relief." *See* Fed. R. Civ. P. 60(b)(1), (6). "By its very nature, the rule seeks to strike a delicate balance between two countervailing impulses: the desire to preserve the finality of judgments and the 'incessant command of the court's conscience that justice be done in light of all the facts.'" *Seven Elves, Inc. v. Eskenazi,* 635 F.2d 396, 401 (5th Cir.1981)[2] (quoting *Bankers Mortg. Co. v. United States,* 423 F.2d 73, 77 (5th Cir.1970)).

"The determination of what constitutes excusable neglect is generally an equitable one, taking into account the totality of the circumstances surrounding the party's omission." *Sloss Indus. Corp. v. Eurisol*, 488 F.3d 922, 934 (11th Cir. 2007). On the other hand, "Rule 60(b)(6) motions must demonstrate that the circumstances are sufficiently extraordinary to warrant relief." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 741 F.3d 1349, 1355 (11th Cir. 2014) (internal quotations and citations omitted). "It is well established, . . . that relief under Rule 60(b)(6) is an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." *Griffin v. Swim-Tech Corp.*, 722 F.2d 677, 680 (11th Cir. 1984) (internal citation and quotations omitted); *see also Frederick v. Kirby Tankships, Inc*., 205 F. 3d 1277, 1288 (11th Cir. 2000) ("Federal courts grant relief under Rule 60(b)(6) only for extraordinary circumstances."). Whether to grant relief pursuant to Rule 60(b) is ultimately a matter of discretion. *Aldana*, 741 F.3d at 1355 (citing *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (internal citation and quotations omitted)).

In the instant Motion, Appellant states that he did not receive notice of the Order to Show Cause until after the deadline to respond had passed due to the Thanksgiving holiday weekend.

---

[2] In *Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent former Fifth Circuit decisions handed down prior to September 30, 1981.

As a result, Appellant did not have the opportunity to respond to the Order to Show Cause. Therefore, Appellant seeks to vacate the Order under Rule 60(b)(1) and (b)(6). Upon review, the Court finds that under the circumstances relief is warranted under Rule 60(b)(1); therefore, the Court does not consider whether relief would also be warranted under Rule 60(b)(6).

Accordingly, the Court **GRANTS IN PART AND DENIES IN PART** the Motion, **ECF No. [7]**, as follows:

1. The Order, **ECF No. [6]**, is **VACATED**.

2. Appellant may file a response to the Order to Show Cause, ECF No. [5], **on or before December 26, 2018**.

3. In all other respects, the Motion is denied.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of December, 2018.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

Frederick J. Keitel, III, *pro se*
P.O. Box 3243
Palm Beach, Florida 33480